**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**FORMAN PERRY WATKINS**
**KRUTZ & TARDY LLP**                                                    **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 2:11-CV-176-KS-MTP**

**KELLY CAPITAL, LLC**                                                    **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Currently before the Court is Plaintiff's Motion for Default Judgment [11, 15]. For the reasons stated below, the motion is **granted**.

### I. BACKGROUND

Plaintiff filed its Complaint [1] on August 25, 2011, and Plaintiff served Defendant with process on September 2, 2011 [3]. On September 30, 2011, Plaintiff's counsel filed a motion for an extension of time to file a responsive pleading [4]. The Court granted the extension, making Defendant's answer due on October 10, 2011.

On October 20, 2011, the Court granted [17] Defendant's counsel's Motion to Withdraw, and ordered Defendant to obtain substitute counsel, who was required to enter an appearance on Defendant's behalf no later than November 21, 2011. Defendant's previous counsel certified [18] that he provided Defendant with a copy of the Court's order. Nonetheless, no counsel appeared on Defendant's behalf. Although Defendant's general counsel appeared on October 19, 2011, to file a joinder in Defendant's previous counsel's motion to withdraw, it is not clear whether Defendant's general counsel intends to represent it in this matter.

Regardless, Defendant failed to plead or otherwise defend itself in this matter by October

10, 2011, and Plaintiff filed an affidavit [11-3] from its counsel attesting as much. Accordingly, the Court instructed [19] the Clerk's office to enter a default as to Defendant Kelly Capital, LLC pursuant to Rule 55(a), and the Clerk entered the default [20] on November 28, 2011.

## II. DISCUSSION

"A defendant must serve an answer . . . within 21 days after being served with the summons and complaint." FED. R. CIV. P. 12(a)(1)(A). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). As noted above, Defendant failed to plead or otherwise defend itself in this matter, and the Clerk's office entered a proper default.

By its default, Defendant admitted Plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, in addressing Plaintiff's Motion for Default Judgment [11, 15], the Court accepts the factual allegations of Plaintiff's Complaint as true. However, the entry of a default "does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Id.* "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th 2000) (punctuation omitted). The Court must ensure that Plaintiff is entitled to judgment as a matter of law based on the admitted factual allegations of the Complaint.

In the Complaint, Plaintiff alleged that National Service Industries, Inc., a California corporation, and National Service Industries, Inc., a Delaware corporation, (hereafter referred to collectively as "NSI") defaulted on their obligations to Plaintiff under a promissory note. Plaintiff attached a copy of the promissory note [11-1] to its Motion for Default Judgment. For an unspecified

value received, NSI promised to pay Plaintiff $2,550,889.52 plus interest. NSI agreed to make monthly payments of $7,500.00 on the fifteenth day of each month from January 2011 through June 2011, and to pay the outstanding principal balance plus all unpaid interest on or before June 30, 2011. According to the agreement, the principal sum plus all interest become immediately due and payable at Plaintiff's option in the event of NSI's default.

Plaintiff further alleged that Defendant Kelly Capital LLC executed a written guaranty of payment, performance, and completion with respect to NSI's obligations under the promissory note. Plaintiff attached a copy of the guaranty [11-2] to its Motion for Default Judgment. Therein, Defendant absolutely and unconditionally guaranteed to Plaintiff the full and timely payment, performance, and completion of NSI's obligations under the promissory note. Defendant agreed to immediately perform or complete any obligation under the promissory note which NSI failed to perform or complete. The guaranty was signed by Michael Kelly, Defendant's CEO. Plaintiff alleged – and, therefore, Defendant admitted – that Defendant failed to comply with its obligations under the guaranty by satisfying NSI's obligations under the promissory note.

On October 18, 2011, Plaintiff supplemented its Motion for Default Judgment by representing to the Court that NSI had, in fact, made a payment of $300,000.00 on May 10, 2011. Plaintiff represented that it applied $213,405.52 of the payment to principal, and $86,594.48 of the payment to late fees and accrued interest. Accordingly, Plaintiff only seeks a default judgment of $2,337,484.00.

In summary, Plaintiff provided the Court with 1) a copy of the promissory note in which NSI agreed to pay it $2,550,889.52 plus interest, and 2) a copy of the guaranty in which Defendant agreed to fulfill NSI's obligations under the promissory note in the event of a default. Plaintiff alleged in the Complaint that NSI defaulted on its obligations under the promissory note, and

Defendant – by its failure to respond – admitted the same. *Nishimatsu*, 515 F.2d at 1206. Likewise, Defendant admitted that it defaulted on its obligations under the guaranty. Plaintiff provided an affidavit in which its representative swore that Defendant is indebted to it in the amount of $2,550,889.52, although Plaintiff later amended its motion to request a lesser amount of damages.

Accordingly, there appears to be a sufficient basis in the pleadings for the requested judgment. *Id.* Furthermore, Plaintiff's claim appears to be for "a sum certain or a sum that can be made certain by computation," and an evidentiary hearing is not required. FED. R. CIV. P. 55(b). Therefore, the Court grants Plaintiff's Motion for Default Judgment [11, 15].

### III. CONCLUSION

For the reasons stated above, the Court **grants** Plaintiff's Motion for Default Judgment [11, 15] in the amount of $2,337,484.00. A separate order of final judgment will be entered pursuant to Rule 58.

SO ORDERED AND ADJUDGED this 29th day of November, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE